Fremont-Smith, Thayer, J.
In her cross appeal, Dattilo argued to the Appeals Court that “the $430,000 damages award on the assigned claim should have been doubled.” Linda Gore v. Arbella Mat Ins. Co., No 09P-56 (August 30, 2010), slip opinion p. 7.
The Appeals Court, while affirming my ruling “that Arbella’s violations of c. 93A were knowing and wilful” (slip opinion, p. 7.), held that Dattilo was entitled to multiple damages on the $430,000 assigned claim, as well as on the rest of the recovery as to which I did award double damages [22 Mass. L. Rptr. 447). While affirming all of my other legal rulings, the Appeals Court remanded the case to me for a determination as to whether the $430,000 should be doubled or tripled[1] (slip opinion, p. 13).
The determination of this question is simple and straightforward. In the Appeals Court, Dattilo did not contend that this part of the award should be tripled, but only that is should be doubled (see above), violations that consist of unfair or deceptive acts or practices, simpliciter, and those that are knowing or wilful or actuated by bad faith. The former are sanctioned by compensatory ‘single’ damages. Damages for the latter more serious violations are avowedly punitive— and can be very heavily so when the [1989] amendment to c. 93A] applies’ ”), quoting from Yeagle v. Aetna Cas. Sur Co., 42 Mass.App.Ct. 650, 655-56 (1997).
After trial, I found that, with respect to both the direct and the assigned damage claims, “while probably not malicious, Arbella’s failure to settle when liability and damages were reasonably clear and . . . failure to respond to [Attorney] Christian’s demand for a number of months, constituted more than mere negligence, but were wilfully reckless, and in that sense, intentional.” (Slip opinion p. 13 fn. 21.) The Appeals Court affirmed my doubling of “Dattilo’s attorneys fees through trial and the damages and interest on the $20,000 direct claim (the per person limit in Caban’s insurance policy which, was never paid).”
As I found Arbella’s conduct to have been intentional, but “probably not malicious,” I concluded after the trial that Arbella’s conduct was not so egregious as to warrant triple damages on the compensatory award, but to warrant only double damages.[2] For the same reason, I now rule that the compensatory award of $430,000 on the assigned claim should, as was contended by Dattilo in the Appeals Court, be now doubled rather than tripled.
ORDER FOR MODIFIED CORRECTED JUDGMENT
The Appeals Court concluded: “For the foregoing reasons, the matter is remanded for modification of the corrected judgment by doubling or tripling of the $430,000 excess judgment award pursuant to c. 93A, in accordance with this opinion. In all other respects, the corrected judgment is affirmed.” (Slip opinion p. 8, fn. 24.)
Accordingly, it is ORDERED that the corrected judgment dated September 19, 2007 be modified to a total compensatory and multiple damages award of $1,100,000,[3] plus prejudgment interest on the compensatory component of the award ($550,000) from the date of entry of the case (October 25, 2002) to the date of the original judgment (July 26, 2007) in the sum of $313,728.77,[4] plus costs of $23,194.40, plus post-judgment interest on the entire amount of damages and costs ($1,123,194.40) from the date of the judgment (July 26, 2007) to the date of this modified corrected judgment in the sum of $419,124.44[5] for a total modified corrected judgment, including interest and costs, of $1,856,047.61.[6]

 "Because we have concluded that the trial judge did not err in determining that Arbella’s violations of c. 93A were knowing and wilful (see our discussion in part C.2.a.i., supra), the damages on the assigned claim must be multiplied. The only question to be determined on remand will be whether the damages on the assigned claim should be doubled or tripled. See c. 93A, §9(3).”

 The corrected judgment dated September 19, 2007 awarded Dattilo $1,007,342.58, consisting of (a) $670,000 in compensatoiy and multiple damages, (b) $313,728.77 prejudgment interest, (c) $23,194.40 in costs, and (d) $419.41 in interest on the costs, from the date of judgment (July 26, 2007) to the date of the corrected judgment.

 Consisting of the prior judgment for compensatory and punitive damages ($670,000) plus $430,000.

 The Appeals Court noted “the judge’s correct conclusion, not challenged by either party, that the prejudgment interest calculation is properly based solely on the ‘compensatory component’ of the award, and not on any multiple damages. See City Coal Co. of Springfield, Inc. v. Noonan, 434 Mass. 709, 716 (2001).” Slip opinion, fn. 23. It also affirmed the award of prejudgment interest on the $430,000 assigned claim from October 25, 2002 until the date of judgment, July 26, 2007 (slip opinion, p.8) and the calculation of the prejudgment interest as being $313,728.77 calculated on the compensatory damages amount of $550,000 (slip opinion, p. 4).

 As the Appeals Court has determined that the July 26, 2007 judgment should have included the additional $430,000, posijudgment interest on that amount from that date is included.

 This substantial judgment could easily have been averted. Dattilo’s attorney testified at trial that she would have accepted the $20,000 per person policy limit from Arbella had it been promptly offered.